THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SALVATORE LICATA and MICHAEL ERVOLINO, Appellants.

Fourth Department, November 18, 1942.

*John S. McGovern* and *Amil J. Pasquarelle,* for Salvatore Licata, appellant.

*William B. Mahoney* for Michael Ervolino, appellant.

*Maurice Frey* for respondent.

*Per Curiam.* The defendants appeal from judgments of conviction rendered against them upon a jury verdict finding them guilty of the crime of an attempt to commit the crime of extortion, in that on February 21, 1938, at Buffalo, Erie county, New York, they did attempt to obtain from one Wesling, as branch manager of the C. D. Kenny Co., a body corporate, the sum of $800 with his consent induced by a wrongful use of fear to do an unlawful injury to the property of the corporation, such acts tending, but failing, to effect the commission of the crime of extortion.

Upon the trial, the People contended that defendants attempted to obtain the sum of $800 for their own private gain from the manager of the Buffalo Branch of the C. D. Kenny Co., before the defendants would permit the discontinuance of the "picketing" of the Kenny warehouse which was then in progress pursuant to their directions.

The defendants contended that the Kenny Co. had failed to pay certain of its employees the full amount of wages to which they were entitled by virtue of an agreement between the Company and the Union of which the defendants were the business representatives; that they, as such representatives, were authorized to settle such claims of the Kenny employees and that they attempted to obtain the $800 on behalf of — and for the benefit of — such employees and not for personal gain.

The People called as a witness one John G. White, a regional director of the American Federation of Labor, who was permitted to testify, over defendants' objection, that he had been told by the members of the executive committee of the Union that the strike at the Kenny warehouse had not been authorized by the executive committee. Concededly, neither defendant was present at any conversations between White and the members of the executive committee. Clearly, the admission of this hearsay testimony was error and in view of the closeness of the question as to whether, upon this record, the defendants were guilty of the particular crime of which they have been convicted, we cannot say that the jury may not have been influenced by this testimony, to defendants' prejudice; hence, we cannot

disregard the error under section 542 of the Code of Criminal Procedure. Other material errors, of which the appellants complain, appear in the record. These errors serve to emphasize the importance of the error to which we have specifically referred.

The judgments of conviction should be reversed on the law and a new trial granted.

The appeals from the orders should be dismissed as academic.

CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ., concur.

Judgments of conviction reversed on the law and a new trial granted. Appeals from orders dismissed as academic.